JOHN TOOHIG & CO. v. W. H. ELLIOTT.

(No. 2763.)

EVIDENCE — MANNER OF EXAMINATION.— In the examination of witnesses and the manner in which they may be permitted to give in their testimony, something must be left to the discretion of the trial judge. It is proper to permit a witness to refer to memoranda made by him of the circumstances of a transaction for the purpose of refreshing his memory, especially if made soon after the occurrence.

JUDGMENT WILL NOT BE DISTURBED WHEN.— Where the evidence is conflicting this court will not disturb the verdict of the jury and judgment of the court below on account of a mere preponderance of testimony.

APPEAL from Bexar county. Opinion by QUINAN, J.

STATEMENT.— This suit was brought by Elliott to recover from Toohig & Co., bankers, a large sum of money, the balance of a deposit made with them, which he alleges they withhold.

They, the defendants, pleaded the general denial, and that Elliott represented to them that the money deposited was his part of the capital of the firm of Goggan & Co. and to be used in the business transactions of that firm, and that under his instructions they had paid the drafts of Goggan & Co. until the full amount of the deposit was exhausted; that plaintiff was a member of the firm and held himself out as such.

The plaintiff replied, denying that he was ever a partner in the firm of Goggan & Co.

Goggan & Co. were made defendants also, the plaintiff charging them with confederating with Toohig & Co. Goggan & Co. reconvened, claiming that plaintiff was indebted to them, and they recovered judgment for their debt against plaintiff. From that judgment no appeal is taken, and no further notice need be taken of that branch of the case.

The jury found a verdict for the plaintiff against Toohig & Co., upon which judgment was rendered and the defendants appealed.

The testimony is voluminous and conflicting. The charge of the judge was full and is not complained of.

The only errors assigned are:

1. That the court erred in permitting the plaintiff, when testifying, to read his testimony from a written statement, as set forth in a bill of exceptions.

2. That the court erred in overruling the motion for a new trial.

OPINION.— As to the first assignment, the judge, in the bill of exceptions, certifies that what he ruled was, that if the witness could and would swear that the facts, as stated in the memorandum from which he was reading, were true independent of the memorandum, he could read from the same. What the particular facts were concerning which the witness was testifying does not appear. The memorandum seems to have been made about the time or shortly before the institution of the suit, and the record shows that the suit was instituted very soon after the cause of action accrued. We do not think there was error in this ruling for which the verdict should be disturbed. In the examination of witnesses and the manner in which they may be permitted to give in their testimony, something must be left to the discretion of the judge. It is proper to permit a witness to refer to memoranda made by him of the circumstances of a transaction for the purpose of refreshing his memory, especially if made soon after the occurrence.

On the other hand, where statements are made up by the witness in view of the trial, and not so much, perhaps, for the purpose of refreshing his memory of the events, but to instruct him how he shall relate them, he shall not be permitted to read his testimony from his statement. The witness here underwent a vigorous cross-examination upon his testimony in chief, and there is no reason to apprehend that any mischief was done by permitting him to use his written statement. It was fair subject of comment to the jury. Greenleaf, Ev., 44; Whart., §§ 516, 518.

2. The ground of the motion for a new trial, which only is relied upon, is that the verdict is unsupported by the testimony.

It is only necessary, in reply to this assignment, to say that the testimony is conflicting. If the plaintiff and his witnesses are to be believed, the testimony is sufficient to warrant the verdict. On the other hand, the defendants' evidence tends abundantly to establish their defense. In such case it is not for us to say which scale shall tip the beam.

It was for the jury to determine the credibility of the witnesses and to weigh the testimony. A review here of it, with its mass of discrepancies and contradictions, without the lights with which the jury looked upon it, could lead us to no certain conclusions even if it were proper for us to undertake the task. The able judge who tried the case below was satisfied with the verdict of the jury upon it. And it would be against the settled rule of the court sitting here to reverse the judgment of the lower court upon a question of the sufficiency or mere preponderance of the testimony to sustain the verdict of the jury, when it is not without testimony to sustain it, merely because we might be inclined to arrive at a different conclusion from reading the statement of facts.

AFFIRMED.